UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:11-cv-81140-DMM

LATRISA BELL,

    Plaintiff,

v.

SCULLY COMPANY, and
PEGGY A. LUGO, individually,

    Defendants.
_____/

**PLAINTIFF, LATRISA BELL'S, MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT, SCULLY COMPANY'S,
MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS**

Plaintiff Latrisa Bell ("Ms. Bell") files this memorandum of law in opposition to Defendant Scully Company's ("Defendant") Motion for Protective Order and for Sanctions, and states the following:

**I.    Introduction.**

Defendant's Motion for Protective Order and for Sanctions ("Motion") should be denied because it is based on false allegations and misstates the applicable law. As set forth below, Defendant's Motion materially mischaracterizes the three-minute telephone call between a non-attorney and a former employee of Defendant in order to attempt to justify its request for a protective order and sanctions. Defendant also misstates the law its Motion is based on. Defendant ignores the Florida Supreme Court's clear statement of the law and cites cases that predate the controlling Florida Supreme Court case.

According to Florida's Supreme Court, it is _not_ a violation of Florida's Rule of

Professional Conduct 4-4.2 for a Plaintiff's attorney or its investigator to contact a former employee of a Defendant employer. H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d 541, 546 (Fla. 1997)("We hold that Florida Rule of Professional Conduct 4-4.2 ... neither contemplates nor prohibits an attorney's *ex parte* communications with former employees of a defendant-employer.").

Moreover, Defendant's motion materially misrepresents its counsel's conversation with Ms. Bell's counsel in an attempt to conjure up support for its request for sanctions and a protective order. Therefore, Defendant's Motion for Protective Order and for Sanctions is meritless and should be denied.

## II. Defendant's Misstatements Regarding Thomas Brooks's Three Minute Telephone Call with Monique Christy.

The "facts" set forth in Defendant's Motion are inaccurate and do not reflect the nature, tone or substance of the approximately three-minute telephone call on which the Defendant bases its request for a protective order and sanctions.

On January 10, 2012, at 1:25pm, Thomas Brooks ("Mr. Brooks"), an investigator with Gunster, Yoakley & Stewart, P.A. ("Gunster")[1], contacted Monique Christy ("Ms. Christy") by telephone at her home. See Affidavit of Thomas Brooks ¶¶ 2,4 attached hereto as **Exhibit "A."** At the outset of the conversation, Mr. Brooks identified himself and told Ms. Christy that he was an investigator for the firm representing Latrisa Bell, in a lawsuit against Scully Company. See Brooks Affidavit ¶¶ 5-6. Defendant's Motion misrepresents that Ms. Christy was contacted by a lawyer. At no time during his phone call with Ms. Christy did Mr. Brooks ever state that he was a lawyer. See Brooks Affidavit ¶5.

After Ms. Christy confirmed for Mr. Brooks that she was a former employee of Scully

---

[1] Gunster represents the Plaintiff, Latrisa Bell, in this case.

2

Company, Ms. Christy stated that she could not answer any additional questions without first contacting the attorneys for Scully Company. See Brooks Affidavit ¶¶ 7-8. Ms. Christy never stated that she was represented by an attorney. See Brooks Affidavit ¶8.

Defendant's Motion incorrectly states that Mr. Brooks interrogated Ms. Christy. Contrary to what is stated in Defendant's Motion, Mr. Brooks did not interrogate Ms. Christy. See Brooks Affidavit ¶13. Mr. Brooks never asked Ms. Christy any substantive questions relating to the case. Mr. Brooks did not ask Ms. Christy any questions relating to her employment history with Scully Company. See Brooks Affidavit ¶14. Mr. Brooks did not ask Ms. Christy the reason for her separation from Scully Company. See, Brooks Affidavit ¶15. Mr. Brooks never asked Ms. Christy if she had knowledge of any facts pertaining to Ms. Bell's claims against Scully Company. See Brooks Affidavit ¶16. The telephone call lasted approximately two to three minutes. See Brooks Affidavit ¶12. Defendant's allegations that Mr. Brooks interrogated Ms. Christy are simply not true and entirely mischaracterizes the phone call.

Defendant's Motion further misrepresents that Mr. Brooks threatened to serve Ms. Christy with a subpoena for deposition. Mr. Brooks never threatened to serve Ms. Christy with a subpoena. See Brooks Affidavit ¶17. When Ms. Christy stated that she could not answer any additional questions without contacting the attorneys for Defendant, Mr. Brooks told her that he understood and asked her if she was willing to verify her address and telephone number so that a telephone deposition could be scheduled. See Brooks Affidavit ¶¶9-10. After Ms. Christy willingly verified her address and telephone number, Mr. Brooks thanked Ms. Christy and ended the call. See Brooks Affidavit ¶¶10-11.

In its Motion, Defendant uses inflammatory words such as "threaten" and "interrogate" to mislead the Court regarding the tone of the conversation. Mr. Brooks and Ms. Christy

3

maintained a pleasant tone during the brief telephone call and at no point did Ms. Christy ever become upset or shaken. See Brooks Affidavit ¶18.

### III. The Court Should Deny Defendant's Motion Because Rule 4-4.2 Was Not Violated.

#### A. Rule 4-4.2 Permits Ex Parte Communications with Former Employees

Defendant's Motion should be denied because neither the applicable law nor the Florida Rules of Professional Conduct prohibit a plaintiff's attorney or investigator from contacting a former employee of a defendant company.

Florida's Rule of Professional Conduct 4-4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

The comment to Rule 4-4.2 makes it clear that in the case of a represented organization, communications with former employees are permitted. The comment to Rule 4-4.2 provides

> This rule prohibits communications **with a constituent of the organization** who supervises, directs, or regularly consults with the organization's lawyers concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. **Consent of the organization's lawyer is not required for communications with a former constituent.** (Emphasis added).

It is clear from Rule 4-4.2 and its comments that it only applies to certain current employees of an organizational party. Rule 4-4.2 does not apply to former employees such as Monique Christy, unless they are individually represented by counsel. See H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d at 544-546; Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156, 1157 (Fla. 3d DCA 1997)("We conclude that the proscription of Rule 4-4.2 does not extend to former corporate employees."); Lang v. Reedy Creek Improvement District, 888

4

F.Supp. 1143 (M.D. Fla.1995).

In H.B.A. Management, Inc., the Supreme Court of Florida upheld a Fourth District Court of Appeal decision that held Rule 4-4.2 does not prohibit *ex parte* communications between Plaintiff's counsel and former employees of a Defendant corporation. H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d at 544. The Fourth District Court of Appeals and the Supreme Court of Florida grounded its holding and analysis in the Florida Bar Ethics Opinion 88-14, issued March 7, 1989. Id. at 543. In Florida Bar Ethics Comm. Op. 88-14, the Florida Bar's Committee on Professional Ethics stated clearly and unequivocally:

> Rule 4-4.2 cannot reasonably be construed as requiring a lawyer to obtain permission of a corporate party's attorney in order to communicate with former managers or other former employees of the corporation **unless such individuals have in fact consented to or requested representation of the corporation's attorney.** A former manager or other employee who has not maintained ties to the corporation (as a litigation consultant, for example) is no longer part of the corporate entity and therefore is not subject to the control or authority of the corporation's attorney. (Emphasis added).

Id. and H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d at 544.

Florida law permits *ex parte* communications with a company's former employees, unless they are represented individually by the company's attorney.[2] Id. Simply listing Jackson

---

[2] The two cases that Defendant relies upon to support its Motion are in the minority and are factually distinguishable. In Rentclub, Inc., v. Transamerica Rental Finance Corp., 811 F.Supp 651 (M.D. Fla 1991), the Counterplaintiff corporation moved to disqualify Counterdefendant's attorney on the ground it retained the company's former chief financial officer as a paid "trial consultant." The former chief executive officer retained possession of certain confidential documents of the company and subsequently disseminated the information. Id. at 653. The interest of the corporation in protecting privileged information acquired by its former chief financial officer is not analogous to the three-minute informal conversation between Mr. Brooks and Ms. Christy in this case. Neither Mr. Brooks nor Gunster obtained any information that would be privileged or confidential to Defendant; therefore the reasoning and holding of Rentclub, Inc., does not apply in this instance.

In U.S. v. Florida Cities Water Co., 93-281-CV-CIV-FTM, 1995 U.S. Dist. LEXIS 7921 (M.D. Fla. Apr. 26, 1995), the court sought to protect the interests of former employees whose statements could lead to potential criminal liability. Even in Florida Cities Water Co., the Court did not prohibit attorneys from conducting informal interviews with former employees, but rather required notice to Defendant's counsel and an opportunity to be present.

5

Lewis as the contact for Ms. Christy did not place Ms. Bell or Gunster on notice that Ms. Christy was represented individually by Jackson Lewis. Defendants, like Scully Company, often list the company's attorneys as the contact for its former employees in an effort to deter a Plaintiff from investigating his/her case. Ms. Bell's counsel was unaware that Ms. Christy was represented individually by Defendant's counsel. Ms. Bell's counsel did not have confirmation of this until Defendant filed it's Motion. In light of Ms. Bell's counsel's not knowing Ms. Christy was not individually represented by counsel, it was appropriate for counsel to rely upon the above-cited law.

### B. Mr. Brooks Did Not Seek to Invade Upon Defendant's Attorney-Client Privilege.

Defendant's argument that Mr. Brooks is prohibited from contacting Ms. Christy because Ms. Bell alleges in her Complaint that she complained of discrimination to Ms. Christy is without merit. Mr. Brooks did not ask Ms. Christy a single question that would invade upon Defendant's attorney-client privilege. See **Exhibit "A."** Indeed, as soon as Ms. Christy mentioned contacting the attorneys for Defendant, Mr. Brooks effectively ended the conversation. See Brooks Affidavit ¶¶ 8-11.

The simple fact that Ms. Christy may have knowledge of facts alleged in Ms. Bell's Complaint is not privileged, but "is simply a matter of historical fact." H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d at 546. Because Ms. Christy is no longer an employee of the Defendant, the agency relationship is terminated and the purpose of Rule 4-4.2 is simply no longer served by restricting contacts with former employees. Id. In Florida Bar Ethics Comm. Op. 88-14, the Florida Bar's Committee on Professional Ethics provides:

> A former manager or employee is no longer in a position to speak for the corporation. Further, under both the federal and the Florida

rules of evidence, statements that might be made by a former manager or other employee during an ex parte interview would not be admissible against the corporation.

Because Mr. Brooks did not seek to invade upon Defendant's attorney-client privilege, his brief conversation with Ms. Christy was appropriate and within the scope of Florida's law and rules of ethics. Therefore, Defendant's Motion should be denied.

## IV. Defendant's Misstatements Regarding The Brief Telephone Call Between Counsel for Defendant and Counsel for Ms. Bell.

Not only did Defendant misstate and misrepresent the telephone call between Mr. Brooks and Ms. Christy in its Motion, but Defendant goes even further and mischaracterizes the telephone call between counsel for Defendant and counsel for Ms. Bell.

On January 11, 2012, the undersigned counsel received a phone call from attorney S. Jordan Rappaport, Esq. ("Mr. Rappaport") of Jackson Lewis LLP ("Jackson Lewis") regarding the telephone call between Mr. Brooks and Ms. Christy.[3] See Affidavit of Tanya Reed, Esq. ¶4 attached hereto as **Exhibit "B."**

In its Motion, Defendant misrepresents the brief telephone call. Contrary to what is stated in its Motion, Mr. Rappaport never asked the undersigned to agree not to contact any management employees, current or former, without the presence of counsel. See Reed Affidavit ¶9. Likewise, the undersigned counsel never stated that it intended to engage in *ex parte* communications with management employees, current or former, or that it was entitled to contact any witnesses that were not represented individually. See Reed Affidavit ¶¶ 10-11. In fact, there was never a discussion about *ex parte* communications with current employees or former high level management employees. See Reed Affidavit ¶12. The discussion was focused solely on the brief conversation between Mr. Brooks and Ms. Christy. Id.

---

[3] Jackson Lewis represents Defendant in this case.

7

Defendant did not make a good faith effort to reach a resolution or agreement regarding *ex parte* communications. Mr. Rappaport informed the undersigned counsel (1) that Defendant intended to file this Motion; (2) Defendant did not expect Ms. Bell to agree to the entry of a protective order; and (3) the sole purpose of the telephone call was to be able to certify to the Court that Defendant had conferred in accord with the rules of procedure. See Reed Affidavit ¶13.

When the undersigned counsel asked Mr. Rappaport if Ms. Christy was individually represented by Jackson Lewis in this case, Mr. Rappaport did not answer the question, but instead stated that Jackson Lewis is listed as the contact for Ms. Christy in Defendant's Initial Disclosures. See Reed Affidavit ¶7. Ms. Bell's counsel first learned that Ms. Christy is represented individually by Jackson Lewis in Defendant's Motion for Protective Order and for Sanctions. See Reed Affidavit. ¶8.

Unbelievably, Defendant is attempting to obtain a protective order and is seeking sanctions based upon two mischaracterized conversations and its misstatements of the law. Not only was Rule 4-4.2 not violated, but sanctions are reserved for the most egregious of acts. See, The Florida Bar v. Bitterman, 33 So. 3d 686 (Fla. 2010) (imposing sanctions on attorney who misrepresented her status as a member in good standing of the Florida Bar); The Florida Bar v. Rogowski, 399 So. 2d 1390 (Fla. 1981) (approving the imposition of sanctions on attorney who improperly advanced funds to clients, mishandled trust accounts, and failed to timely prepare required disbursement statements). Defendant's Motion for Protective Order and for Sanctions should be denied.

V.     **Conclusion.**

Defendant's entire Motion is based upon mischaracterizations of fact and misstatements

8

of law. In reliance upon the above law, the conversations set forth in **Exhibits "A"** and **"B"** appropriately took place. Because Florida law permits *ex parte* communications with former employees of a defendant company, the request for a Protective Order should be denied and sanctions should not issue.

>GUNSTER, YOAKLEY & STEWART, P.A.
>Phillips Point, East Tower
>777 S. Flagler Drive, Suite 500
>West Palm Beach, FL 33401
>Telephone: (561) 655-1980
>Facsimile: (561) 655-5677
>Attorneys for Plaintiff, Latrisa Bell
>
>By: /s/Tanya M. Reed
>G. JOSEPH CURLEY
>Florida Bar No.: 571873
>BRIAN M. McPHERSON
>Florida Bar No. 735541
>TANYA M. REED
>Florida Bar No.: 0028306

## CERTIFICATE OF SERVICE

I certify that on the 30th day of January 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

>/s/Tanya M. Reed
>Tanya M. Reed

9

## SERVICE LIST

LATRISA BELL v. SCULLY COMPANY
CASE NO.: 9:11-cv-81140-DMM

G. Joseph Curley, Esq.
Florida Bar No. 571873
E-Mail: jcurley@gunster.com
Brian M. McPherson, Esq.
Florida Bar No. 735541
E-Mail: bmcpherson@gunster.com
Tanya M. Reed, Esq.
E-Mail: treed@gunster.com
Florida Bar No. 0028306
GUNSTER, YOAKLEY & STEWART, P.A.
Phillips Point, East Tower
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677
*Attorneys for Plaintiff, Latrisa Bell*
Via transmission of Notice of Electronic Filing Generated by CM/ECF

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-Mail: schwartj@jacksonlewis.com
S. Jordan Rappaport, Esq.
Florida Bar No. 811041
E-Mail: jordan.rappaport@jacksonlewis.com
Kim M. Lucas, Esq.
Florida Bar No. 12005
E-Mail: lucask@jacksonlewis.com
Jackson Lewis, LLP
One Biscayne Boulevard
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Attorneys for Defendant*
Via transmission of Notice of Electronic Filing Generated by CM/ECF