**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:11-cv-81140-DMM

LATRISA BELL,

    Plaintiff,

v.

SCULLY COMPANY, and
PEGGY A. LUGO, individually,

    Defendants.
_____/

**AFFIDAVIT OF THOMAS BROOKS IN SUPPORT OF PLAINTIFF,
LATRISA BELL'S MEMORANDUM IN OPPOSITON TO DEFENDANT,
SCULLY COMPANY'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS**

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) ss. |
| COUNTY OF PALM BEACH | ) |

    Before me, the undersigned authority duly authorized by law to administer oaths and take acknowledgements, personally appeared THOMAS BROOKS who after being duly sworn deposes and states as follows:

    1. My name is Thomas Brooks. I am over the age of eighteen (18) years and have personal knowledge of all matters contained in this Affidavit.

    2. I am a former Deputy Sheriff with over fourteen years of experience with the Palm Beach County Sheriff's Office. I retired from the Palm Beach County Sheriff's Office at the rank of Sergeant.

    3. I am a nationally certified legal investigator and have over twenty-one years of experience as a investigator for Gunster, Yoakley & Stewart, P.A. ("Gunster"). One of my job responsibilities is to coordinate the scheduling of witness depositions.

4. On January 10, 2012, at 1:25p.m., I contacted Monique Christy ("Ms. Christy") at her home.

5. When Ms. Christy answered the phone, I identified myself as Tom Brooks, an investigator with Gunster, Yoakley and Stewart. I never stated that I am a lawyer.

6. I told Ms. Christy that Gunster is representing Latrisa Bell ("Ms. Bell") in a lawsuit against Scully Company.

7. I told Ms. Christy that I was calling to verify (1) if she was a former employee of Scully Company and (2) whether she was the Human Resources Manager for Scully Company at the time of Ms. Bell's termination.

8. Ms. Christy verified her identity and her former employment with Scully Company but said that she could not answer any other questions until she contacted the attorneys for Scully Company. Ms. Christy never told me that she was represented by an attorney.

9. I said "fair enough" and told her that I understood.

10. I told her that we would be scheduling her deposition in the next month and asked if she was willing to verify her address and telephone number. Ms. Christy was willing to do so.

11. I thanked Ms. Christy for her time and ended the call.

12. My telephone call with Ms. Christy lasted approximately two to three minutes.

13. I did not interrogate Ms. Christy.

14. I did not ask Ms. Christy about her employment history with Scully Company.

15. I did not ask Ms. Christy the reason for her separation from Scully Company.

16. I did not ask Ms. Christy if she had knowledge of any facts pertaining to Ms. Bell's claims against Scully.

17. I never threatened to serve Ms. Christy with a subpoena.

18. Both Ms. Christy and I maintained a pleasant tone during the telephone call. At no time did Ms. Christy become upset or shaken.

Further Affiant Sayeth Naught.

DATED THIS 30th DAY OF January 2012.

_____
THOMAS BROOKS

Sworn to and Subscribed before me
a Notary Public in and for said County     (Seal)
and State.

_____
NOTARY PUBLIC
My Commission expires _____

CHERYL ST. GEORGE
MY COMMISSION # DD 875659
EXPIRES: May 4, 2013
Bonded Thru Notary Public Underwriters

WPB_ACTIVE 4998344.1

3