**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:11-cv-81140-DMM

LATRISA BELL,

    Plaintiff,

v.

SCULLY COMPANY, and
PEGGY A. LUGO, individually,

    Defendants.

_____/

**AFFIDAVIT OF TANYA REED, ESQ. IN SUPPORT OF PLAINTIFF,
LATRISA BELL'S MEMORANDUM IN OPPOSITON TO DEFENDANT,
SCULLY COMPANY'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS**

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) ss. |
| COUNTY OF PALM BEACH | ) |

    Before me, the undersigned authority duly authorized by law to administer oaths and take acknowledgements, personally appeared TANYA REED, ESQ. who after being duly sworn deposes and states as follows:

    1.    My name is Tanya Reed. I am over the age of eighteen (18) years and have personal knowledge of all matters contained in this Affidavit.

    2.    I am an attorney at Gunster, Yoakley & Stewart, P.A. ("Gunster").

    3.    Gunster, Yoakley & Stewart, P.A. represents the Plaintiff, Latrisa Bell, in this case.

4. On January 11, 2012, I received a phone call from attorney S. Jordan Rappaport, Esq. ("Mr. Rappaport") of Jackson Lewis LLP ("Jackson Lewis"). I am aware that Jackson Lewis represents the Defendants, Scully Company and Peggy Lugo, in this case.

5. During our conversation, Mr. Rappaport stated that Scully's former Human Resources Manager, Monique Christy, ("Ms. Christy") was contacted by someone at Gunster.

6. I explained to Mr. Rappaport that a member of Gunster's staff contacted Ms. Christy and spoke with her only concerning the scheduling of her deposition.

7. I asked Mr. Rappaport if Jackson Lewis represents Ms. Christy individually. Mr. Rappaport would not say whether Jackson Lewis represents Ms. Christy individually. Instead, Mr. Rappaport told me that Jackson Lewis is listed as the contact for Ms. Christy in Scully Company's Initial Disclosures.

8. I first learned that Ms. Christy is represented individually by Jackson Lewis in the Defendant's Motion for Protective Order and for Sanctions.

9. Mr. Rappaport never asked if Gunster would agree not to contact any management employees, current or former, without the presence of counsel.

10. I never stated that Gunster would engage in *ex parte* communications with former high level management employees and current employees who are not "represented individually."

11. I never stated that Gunster is entitled to contact any witnesses that counsel for Scully was not "representing individually," including current employees and former high level management employees.

12. Mr. Rappaport and I never discussed *ex parte* communications with current employees or any former high level management employees. Mr. Rappaport and I only discussed the singular telephone call that Mr. Brooks made to Ms. Christy.

13. At the close of the conversation, Mr. Rappaport informed me that he was not calling to work through a resolution. Mr. Rappaport informed me that Scully Company planned to file a Motion for Protective Order and he did not expect Gunster or Ms. Bell to agree. Mr. Rappaport stated that he only called because the rules of procedure required him to contact Gunster before the Motion was filed.

Further Affiant Sayeth Naught.

DATED THIS 30th DAY OF January 2012.

_____
Tanya M. Reed, Esq.

Sworn to and Subscribed before me
a Notary Public in and for said County     (Seal)
and State.

_____
NOTARY PUBLIC
My Commission expires _____



CHERYL ST. GEORGE
MY COMMISSION # DD 875659
EXPIRES: May 4, 2013
Bonded Thru Notary Public Underwriters

WPB_ACTIVE 4998080.1

3