UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81140-CIV-MIDDLEBROOKS/VITUNAC

LATRISA BELL,

    Plaintiff,

v.

SCULLY COMPANY, *et al.*,

    Defendants.
_____/

## ORDER ISSUING SANCTION

THIS CAUSE comes before the Court upon Plaintiff's Notice of Filing Affidavit in Support of Award of Fees Expended in Opposition to Defendant's Motion to Compel (DE 38) ("Affidavit"). The Court has considered Plaintiff's Affidavit and Defendant's Response to Plaintiff's Affidavit (DE 41), and is otherwise fully advised in the premises.

On February 17, 2012, I denied Defendant Scully Company's ("Scully") Motion to Compel (DE 24). Since I denied Scully's Motion to Compel, I afforded Plaintiff the opportunity to file an Affidavit seeking the reasonable expenses she incurred in opposing Scully's Motion to Compel. Brian McPherson, the lead attorney who represents Plaintiff, provides that Plaintiff's legal team billed the following amount of time responding to Scully's Motion to Compel: (1) Brian McPherson, a partner, billed 1.5 hours at $350.00 an hour; (2) Tanya Reed, an attorney, billed 6.3 hours at $250.00 an hour; (3) Steve Muscatello, an attorney, billed 1 hour at $250.00 an hour; and (4) Sheelah Toro, a paralegal, billed 2.5 hours at $120.00 an hour. (*See* Aff. McPherson at ¶ 8; *see also* DE 38-Attachment 3 at 1).

1

In its Response, Scully argues (1) the Court should not assess sanctions against Scully because Scully was substantially justified in filing its Motion to Compel (*see* DE 31 at ¶ 9) and (2) Plaintiff's request for fees is excessive (*see* DE 31 at ¶ 11). I will consider each objection separately.

1. <u>Was Scully Substantially Justified in Filing its Motion to Compel?</u>

The discovery dispute arose from Plaintiff's alleged failure to produce documents requested by Scully in its First Request for Production ("First Request"), which Scully served on November 15, 2011. (*See* DE 24 at ¶ 2). Scully claimed Plaintiff failed to provide documents in response to its twenty-fifth request ("Request 25"), in which Scully asked Plaintiff to produce the following:

> All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:
>
> (a) refer or relate to the allegations set forth in the Complaint:
>
> (b) refer or relate to any facts or defenses raised in the Answer;
>
> (c) reveal, refer[,] or relate to any emotion, feeling, or mental state; or
>
> (d) reveal, refer, or relate to events that could reasonably be expected to produce
>
>> a significant emotion, feeling, or mental state.

(*See* DE 24-Attachment 1 at ¶ 25). Plaintiff's initial response to Request 25 was "[n]one"; however, after Scully's counsel, Jackson Lewis, received this response, it immediately "contacted Plaintiff's counsel", Gunster, Yoakley, & Stewart, P.A. ("Gunster"), "and informed [Gunster] that Plaintiff's answer was inaccurate" because Scully "was aware that Plaintiff maintained and utilized a Facebook account." (*See* DE 24 at ¶¶ 6-7). After speaking with an

2

attorney from Jackson Lewis, Gunster provided Scully with several posts that Scully argued were "non-responsive and insufficient." (*See* DE 24 at ¶¶ 9-10). After reviewing the record, I denied Scully's Motion to Compel.

Now, Scully contends it was substantially justified in filing its Motion to Compel because some of the Facebook conversations that Gunster produced were between Plaintiff and other Scully employees. However, after reviewing the messages, I find no indication that these messages relate to any of the allegations set forth in Plaintiff's Complaint or Scully's Answer. Plaintiff merely told a friend who asked "are you leaving Scully" that she had gone "on FMLA" (*see* DE 41- Attachment 1 at 2). The fact that Bell did not initially disclose this conversation is not troubling because this conversation did not fall within the scope of documents sought by Request 25. After a thorough review of the record, I find Scully was not substantially justified in filing its Motion to Compel, and, Plaintiff is entitled to recover any fees she reasonably incurred in responding to Scully's Motion to Compel.

### 2. Is Plaintiff's request for fees excessive?

In order to determine whether the amount sought by Plaintiff is reasonable, I am bound to utilize the "lodestar" method, which was first articulated in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), and adopted by the Eleventh Circuit in *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In *Hensley*, the Supreme Court held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" because this calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* at 433. The party seeking an award of fees bears the burden of substantiating his fee; accordingly, he must submit evidence supporting the hours worked and

3

the hours claimed. *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983) (citing *Carr v. Blazer Fin. Servs., Inc.*, 598 F.2d 1368, 1371 (5th Cir. 1979)).

### A. Reasonable Hourly Rate

First, I must determine whether Plaintiff's attorneys' hourly rates are reasonable. An hourly rate is reasonable if it is in line with "the prevailing market rate in the relevant legal community for similar services" performed "by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). Scully does not object to the hourly rate charged by Plaintiff's attorneys. However, this Court "is itself an expert on the question" of whether an attorney's rate is reasonable, and, I find that the hourly rates charged by Plaintiff's attorneys are in line with the prevailing market rates in the Southern District of Florida. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quotation marks omitted).

### B. Hours Reasonably Expended

Plaintiff moves the Court to award her fees for the 11.3 hours of work expended by her attorneys opposing the Scully's Motion to Compel. Scully objects to the amount of hours billed by Bell. Pursuant to Rule 37 a party who successfully opposed a motion to compel is entitled to recover "its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Rule only permits Plaintiff to recover for costs associated with opposing Scully's Motion to Compel; therefore, Plaintiff is not entitled to recover costs she incurred before January 19, 2012, the day Scully filed its Motion to Compel. Solely looking at the hours Plaintiff's counsel incurred after January 19, 2012, I find the hours expended by Plaintiff's counsel are reasonable.

4

### 3. Conclusion

Accordingly, it is hereby

**ORDERED and ADJUDGED** that Plaintiff is entitled to recover $1,925.00 from Scully, which represents the amount Plaintiff spent opposing Scully's Motion to Compel.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 24 day of April, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

5